IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MAURICE MOORE, | |
| Plaintiff, | 4:17CV3022 |
| vs. | |
| JAMIE CARTWRIGHT, Lancaster County Dept. Correction Cult Enforcer; | MEMORANDUM AND ORDER |
| Defendant. | |

Plaintiff filed a Complaint on February 17, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff was in custody at the Lancaster County Jail in Lincoln, Nebraska at the time he filed his Complaint. (Filing No. 1.) In his Complaint, Plaintiff sought a harassment protection order pursuant to Neb. Rev. Stat. § 28-311.09 against Defendant Jamie Cartwright ("Cartwright"), a deputy at the Lancaster County Jail. Plaintiff wanted the order to prohibit Cartwright "from imposing any restraints upon [his] liberty; harassing, threatening, assaulting, molesting or attacking or disturbing [his] peace." (*Id*. at CM/ECF p. 1.) Plaintiff claimed that Cartwright "and other cult followers" illegally confined him so that they could have inmate gangs threaten his life in retaliation for his pending suit against "former director and cult leader Michael Thurber." (*Id*. at CM/ECF pp. 2-3.) Plaintiff is no longer in custody. (*See* Docket Sheet.)

## II.  APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

Liberally construed, Plaintiff requests injunctive relief against Cartwright. Because Plaintiff is no longer in custody at the Lancaster County Jail where Cartwright is employed, his requested relief is moot. *See similarly*, *Randolph v.*

*Rodgers*, 253 F.3d 342, 345-46 (8th Cir. 2001) (denying prisoner's requested prospective injunctive relief as to several employees of correctional facility in which prisoner was no longer incarcerated because those employees had no authority to execute any granted injunctive relief at the prisoner's present facility).

IT IS THEREFORE ORDERED that:

1. This case is dismissed with prejudice.

2. The court will enter judgment by separate document.

Dated this 24th day of April, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge